UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A. HUDA FAROUKI,

              Plaintiff,

    v.

PETRA INTERNATIONAL BANKING,
CORP., et al.,

              Defendants.

Civil Action No. 08-2137
RJL/DAR

## MEMORANDUM OPINION

### BACKGROUND

Plaintiff is the founder of American Export Group International Services, Inc. ("AEGIS"). Complaint (Document No. 1), ¶¶ 7-8. Plaintiff alleges that in 1986, AEGIS secured a loan from Defendant Petra Banking International Corporation ("PIBC"),[1] for which Plaintiff personally guaranteed payment. Compl., ¶ 2. Plaintiff alleges that between 1989 and 1993, he satisfied the terms of both the release of the deed of trust which secured his personal guarantee, and the AEGIS guarantee, and that Defendant PIBC released the deed of trust and the AEGIS guarantee in 1990 and 1993, respectively. *Id.*, ¶ 4. Plaintiff further alleges that between 1993 and 2007, Defendants made no effort to collect on the AEGIS guarantee, but in 2008, enlisted the administrative agencies of the Jordanian government to seize property in Jordan belonging to

---

[1] Plaintiff alleges that Defendant PIBC "is the Unites States based subsidiary of [Defendant] Petra Bank []"; that Petra Bank "is a Jordanian bank" and "the parent company of [Defendant] PIBC[,]" and that Defendant Randolph B. Old is "General Manager of PIBC" and at one time "managed PIBC from the bank's offices in the District of Columbia[,]" the registered address of which is "[one] of [Defendant] Old's properties[.]" Compl., ¶¶ 8-10.

Farouki v. Petra International Banking Corp., et al.                                                    2

him.  *Id.,* ¶ 5.

On December 9, 2008, Plaintiff initiated the instant action against Defendants PIBC,

Petra Bank and Old seeking injunctive relief and a declaratory judgment that he was released

from the guaranty, and that any efforts to collect are barred by the doctrine of laches and the

statute of limitations.  Compl., ¶¶ 46-66.  Plaintiff also brings causes of action for "injurious

falsehood[,]" defamation and tortious interference against Defendant Old.  *Id.*, ¶¶ 67-80.

On February 17, 2009, Defendant PIBC answered the complaint, and generally denied

the allegations and pled the affirmative defenses of failure to state a claim upon which relief can

be granted and that the complaint is barred by the statute of frauds.  Answer of Defendant Petra

International Banking Corp. and Counterclaim of Defendant Petra International Banking Corp.

("Def. PIBC's Answer and Counterclaim") (Document No. 8) at 8.  PIBC also pled a

counterclaim predicated upon Plaintiff's alleged failure to satisfy his obligations under the

guaranty.  *Id.*, ¶¶ 34-36.  On the same date, all three Defendants filed a motion to dismiss.

Defendants Petra Bank and Old moved to dismiss the complaint in its entirety.  *See* Motion of

Defendants to Dismiss Counts III, IV, V, VI and VII of the Complaint and Motion of Randolph

B. Old and Petra Bank to Dismiss the Complaint in its Entirety ("Defs.' Motion to Dismiss")

(Document No. 9) at 1.  In the motion, Defendant Petra Bank submits that the court lacks

personal jurisdiction; Defendant Old alleges that the court lacks both personal jurisdiction, and

that venue is not proper in this district.  Defendant PIBC moves to dismiss Counts III, IV, V, VI

and VII for failure to state a claim upon which relief can be granted.

Additionally, Plaintiff has moved to dismiss Defendant PIBC's counterclaim on the

ground that the statute of limitations has run, and for leave to amend his complaint.

Farouki v. Petra International Banking Corp., et al.                                          3

Memorandum of Points and Authorities in Support of Counterclaim Defendant A. Huda

Farouki's Motion to Dismiss Counterclaim (Document No. 13) at 1; Memorandum of Points and

Authorities in Support of Plaintiff's Motion to Amend Complaint ("Pl.'s Motion to Amend

Complaint") (Document No. 15) at 1.

  Both motions to dismiss, and the companion motion for leave to amend the complaint,

have been fully briefed.  Issues with respect to this court's jurisdiction – personal and subject

matter – are presented in all three motions.  *See, e.g.*, Defs.' Motion to Dismiss at 22 ("[t]he

Complaint fails to make a prima facia showing that personal jurisdiction exists over [Petra

Bank]"); Pl.'s Motion to Dismiss at 10 ("PIBC's breach of contract claim against [Plaintiff] is

time – barred"); Pl.'s Motion to Amend Complaint at 2 ("the Amended Complaint serve[s] to

supplement the bases for the Court's exercise of personal jurisdiction over Petra Bank and Mr.

Old[.]").

  Five motions are pending in which the conduct of discovery is addressed.  Two of the

five are motions to compel discovery: Defendant PIBC moves to compel Plaintiff to answer

Interrogatory No. 3 and to produce the documents responsive to its Request for Production of

Documents Nos. 2 and 3; Plaintiff seeks to compel responses from Defendant PBIC to several of

Plaintiff's requests for production of documents.  *See* Memorandum of Defendant Petra

International Banking Corp. in Support of its Motion for an Order to Compel Discovery ("Def.

PIBC's Motion to Compel") (Document No. 30) at 2-4; Plaintiff's Memorandum in Support of

Motion to Compel Discovery from Petra International Banking Corp. ("Pl.'s Motion to

Compel") (Document No. 35) at 7-10.

  The parties from whom discovery is sought have filed oppositions to the motions.  In

Farouki v. Petra International Banking Corp., et al.                                          4

addition, each of the three defendants has moved to stay jurisdictional discovery until the motions to dismiss have been determined.  *See* Motion of Defendants Petra Bank and Randolph B. Old to Stay Defendants' Obligation to Provide Discovery Until Thirty Days After the Court's Ruling on Defendants' Motion for a Protective Order ("Def. Petra Bank's and Old's Motion to Stay") (Document No. 23); Motion of Defendants Petra Bank and Randolph B. Old for a Protective Order (1) Staying Discovery as to Them Pending Ruling on Motion to Dismiss for Lack of Personal Jurisdiction and Venue; and (2) Requiring that the Depositions of Petra Bank, if any, be Conducted at its Residence and Only Place of Business in Amman, Jordan ("Def. Petra Bank's and Old's Motion to for Protective Order") (Document No. 24); Motion of Defendant Petra International Banking Corp. for a Protective Order Staying Jurisdictional Discovery Pending Ruling on Motion to Dismiss for Lack of Personal Jurisdiction and Venue ("Def. PIBC's Motion for a Protective Order") (Document No. 39).[2]

Plaintiff opposes each of the three motions for a stay of discovery.


**DISCUSSION**

Evaluation of the five pending motions in which the conduct of discovery is addressed must begin with the settled proposition that a "court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001); *see also*

---

[2] Defendant PBIC, before moving for a stay of jurisdictional discovery, sought to compel discovery from Plaintiff. However, Defendant PBIC maintains that the discovery it seeks to compel is relevant  not to jurisdiction, but instead, to Plaintiff's damages. *See* Def. PIBC's Motion to Compel at 4-5.  Defendant PIBC, in support of its motion for protective order, relies in part upon its opposition to Plaintiff's motion to compel. *Id.* at 2; *see also* Def. PIBC's  Motion for Protective Order at 2.

*Covad Communications Co. v. Revonet, Inc.,* 250 F.R.D. 14, 18 (D.D.C. 2008) (discovery stayed pending resolution of the defendant's motion for judgment on the pleadings "in order to save the litigants potentially unnecessary discovery expenses."); *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("The decision whether to stay discovery lies within the sound discretion of the district court[]"; "[a]ccordingly, 'it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'") (citations omitted).

Consistent with the these authorities, the undersigned has reviewed all of the motions – the motions to dismiss and for leave to amend, as well as the motions in which the conduct of discovery is directly addressed – in order to determine the extent to which any of the discovery which is at issue in either of the motions to compel is needed to permit the parties to further support or oppose the pending motions to dismiss.[3]  *Cf. Klugel v. Clough*, 252 F.R.D. 53, 56 (D.D.C. 2008) ("court would appropriately exercise its discretion to stay consideration of [a motion to compel] pending the determination of the motion for summary judgment [filed by the same parties][,]" where movants did not suggest that they required further discovery in order to support their dispositive motion) (citing *Chavons*, 201 F.R.D. at 2-5).

Defendant PIBC submits that the discovery which is the subject of its motion to compel is relevant to Plaintiff's damages, if any, and in addition, to PIBC's defense against Plaintiff's claim regarding the statute of limitations and laches.  *See* Def. PIBC's Motion to Compel at 6-7; Reply

---

[3]   The undersigned has reviewed the motions to dismiss and the motion for leave to amend, as well as the memoranda in support thereof and in opposition thereto, for the sole purpose of consideration of the context in which the discovery disputes arose.  The undersigned is mindful that neither motion to dismiss, nor the motion for leave to amend, have been referred to the undersigned, and the undersigned undertakes no evaluation of the merits of any of the three.

Farouki v. Petra International Banking Corp., et al.                                    6

to Plaintiff's Memorandum in Opposition to Defendant Petra International Banking Corporation's

Motion to Compel Discovery ("Def. PIBC's Reply to Def. PIBC's Motion to Compel")

(Document No. 34) at 1, 8.  Plaintiff, in the memorandum in support of his motion, submits that

certain of his requests for production "are tailored to yield information relevant to [his]

jurisdictional allegations[,]" while others are [also] "relevant to the merits of [his] claims against

PIBC[.]"  Pl.'s Motion to Compel at 7.[4]

        Accordingly, the undersigned finds that of the two parties who have moved to compel

discovery, it is only Plaintiff who has suggested a need for discovery with respect to a matter –

personal jurisdiction – which is the subject of a pending dispositive motion.  More specifically,

Plaintiff submits that "[i]f granted, Defendants' Motion [to stay jurisdictional discovery] will

prejudice Plaintiff in his opposition to Defendant's motion to dismiss.  If discovery is stayed,

Plaintiff would have no ability to supplement his jurisdictional allegations in the Amended

Complaint."  Plaintiff's Memorandum in Opposition to Defendants' Motion to Stay Discovery

("Pl.'s Opposition to Defs.' Motion to Stay") (Document No. 27) at 3.

        Plaintiff further submits that he is "entitled" to "jurisdictional discovery[.]"  *See* Plaintiff's

Memorandum in Opposition to Defendants' Motion for a Protective Order (Document No. 26) at

9 ("[T]o the extent . . . that insufficient jurisdictional facts have been pled to date, Plaintiff . . . is

entitled to . . . jurisdictional discovery before the Court would dismiss Plaintiff's action as to

Petra Bank and Mr. Old."); Pl.'s Opposition to Defs.' Motion to Stay at 3 ("[A] [p]laintiff has a

---

        [4]  At the hearing conducted by the undersigned on October 19, 2009, counsel for the Plaintiff argued that "*all* of [the discovery which is the subject of his motion to compel] relate[s] at least in some way to jurisdiction" and "that there [is] nothing that [is] solely merits based."  Counsel for Plaintiff also requested that "prior to the motion to dismiss being ruled upon, Plaintiff be allowed the opportunity to conduct jurisdictional discovery."

Farouki v. Petra International Banking Corp., et al.                                                      7

right to discover this type of information."); Plaintiff's Memorandum In Opposition to Motion of

Petra International Banking Corp. for a Protective Order (Document No. 41) at 6 ("having made

this prima facia showing that jurisdiction . . . is appropriate . . . [he] is entitled to jurisdictional

discovery.").

 Defendants do not dispute the general proposition that a court has discretion to provide for

"jurisdictional discovery."  Defendants appear to concede that "[t]he vast majority of the

discovery served by Plaintiff . . . is directed toward personal jurisdiction and venue[,]" (*see* Def.

Petra Bank's and Old's Motion to Stay at ¶ 2), but submit that Plaintiff has failed to demonstrate

that any of the discovery which he seeks would establish jurisdiction.  *See* Reply of Defendants

Petra Bank and Randoph B. Old to Plaintiff's Opposition to Defendants' Motion to Stay

(Document No. 28) at 2 ("[Plaintiff] has not even come forward with an . . . explanation of how

the requested discovery would establish jurisdiction.");  Reply of Defendants Petra Bank and

Randolph B. Old to Plaintiff's Memorandum in Opposition to Defendants' Motion Protective

Order (Document No. 29) at 6 ("[Plaintiff] has not [] come close to meeting his burden of making

a detailed showing of the specific facts which the requested discovery is expected to produce

which would establish personal jurisdiction over [Defendant Petra Bank]."); Reply of Defendant

Petra International Banking Corp. to Plaintiff's Opposition to Petra International Banking Corp.'s

Motion for Protective Order (Document No. 43) at 1 ("jurisdictional discovery should be denied

on the grounds that [] is it premature[.]").

 The District of Columbia Circuit has held that "if a party demonstrates that it can

supplement its jurisdictional allegations through discovery, then jurisdictional discovery is

justified." *GTE New Media Services, Inc. v. Bell South Corp.*, 199 F.3d 1343, 1351 (D.C. Cir.

2000) (citation omitted); *see also The Urban Institute v. FINCON Services*, No. 09-00572, 2010 WL 339091, at *6 (D.D.C. February 1, 2010) ("Although discovery is generally to be "freely permitted," jurisdictional discovery "is justified only if the plaintiff reasonablely 'demonstrates that it can supplement its jurisdictional allegations through discovery.'") (citation omitted); *cf Navab-Safavi v. Broadcasting Bd. of Governors*, 650 F. Supp. 2d 40, 50 (D.D.C. 2009) (to satisfy the burden of proving personal jurisdiction, a plaintiff "is entitled to reasonable discovery if the plaintiff requests it[]"; such a request may be made "through motion or when defending against a motion to dismiss.") (citation and internal quotations omitted).

This Circuit's standard for permitting jurisdictional discovery is "quite liberal." *Davis v. Grant Park Nursing Home LP*, 639 F. Supp. 2d 60, 75 (D.D.C. 2009) (citation omitted); *see also Diamond Chem. Co. v. Atonfina Chemicals, Inc*., 268 F. Supp. 2d 1, 15 (D.D.C. 2003) (plaintiff is entitled to jurisdictional discovery "even though [p]laintiff has not made out a prima facie case of jurisdiction as required by other jurisdictions[.]") (citations omitted).  However, "in order to get jurisdictional discovery a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Id*. at 15 (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)).

In an exercise of the court's broad discretion to manage the conduct of discovery, Defendant PIBC's motion to compel will be denied.  While Defendants' motion to dismiss is not entirely dispositive, the undersigned finds that PIBC's discovery requests can be more narrowly framed, and any discovery disputes more effectively resolved, after all threshold jurisdictional issues have been resolved and the identities of the parties to the ligation determined.  For the same reason, Plaintiff's motion to compel will be denied with respect to the requests for

Farouki v. Petra International Banking Corp., et al.                                                  9

production of documents which relate solely to the merits of the parties claims and defenses.

However, Plaintiff's motion to compel will be granted with respect to the requests for production of documents which concern jurisdictional discovery.  In order to identify those requests, the undersigned has reviewed all of the requests (*see* Document No. 35-3); considered Plaintiff's effort to distinguish the requests which relate solely to jurisdictional discovery from those which also relate to the merits (*see* Pl.'s Motion to Compel at 6-10), and evaluated Defendant PIBC's opposition to Plaintiff's motion to compel (*see* Memorandum of Defendant Petra International Banking Corp. In Opposition to Plaintiff's Motion to Compel Discovery (Document No. 38) at 4-12).  Having done so – in the context of the entire record herein, including the pending motions to dismiss – the undersigned finds that Request for Production Nos. 1 (limited to PIBC's operations, if any, in the District of Columbia), 5 (limited to Defendant Old's employment by PIBC, if at all, in the District of Columbia), 11, 12 and 13 (qualified to limit the "business activities" which are the subject of the request to those conducted in the District of Columbia) are of most immediate relevance to the jurisdictional issues presented here.

Accordingly, the undersigned will grant Plaintiff's motion to compel with respect to those requests (as modified); permit a reasonable period for Defendant PBIC to produce the documents responsive to those requests, and, in all other respects, deny Plaintiff's motion to compel.  The motions to stay discovery filed by Defendants Petra Bank and Old will be granted, and the motion

Farouki v. Petra International Banking Corp., et al.                                    10

to stay discovery filed by Defendant PBIC will be denied.

      An order is filed contemporaneously.


                            _____/S/_____
                            DEBORAH A. ROBINSON
                            United States Magistrate Judge