UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A. HUDA FAROUKI )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETRA INTERNATIONAL BANKING )<br>CORP., *et al.*, )<br>)<br>Defendants. )<br>) | Civil No. 08-2137 (RCL) |

## MEMORANDUM OPINION

Before the Court is the defendant's Motion for Reconsideration [95]. Upon consideration of that Motion [95], the plaintiff's Opposition thereto [99], and the defendant's Reply [100], the Court DENIES the defendant's motion and enters summary judgment in favor of the plaintiff on Count I of the Amended Complaint.

### I.    BACKGROUND

The Court assumes familiarity with its prior opinion, *Farouki v. Petra Int'l Banking Corp.*, 968 F. Supp. 2d 216, 217 (D.D.C. 2013), and will therefore recount only those facts relevant to the present opinion.

This case arises from the defendant's effort to enforce a nearly 30-year-old guaranty more than two decades after the agreement was breached. The agreement, signed by plaintiff and counter-defendant A. Huda Farouki, guaranteed a promissory note between defendant Petra International Banking Corporation ("PIBC" or "Petra") and Mr. Farouki's company, American Export Group International Services, Inc. ("AEGIS"). Despite a breach of the agreement in 1987, PIBC not only declined to enforce the guaranty, but advanced millions of dollars in

additional financing to AEGIS.  To this end, PIBC and AEGIS executed eleven allonges to the promissory note, ultimately increasing the loan amount to more than ten million dollars.  In 2008, Mr. Farouki sued PIBC, seeking a declaratory judgment that he did not have any obligations under the guaranty.  PIBC counter-sued in early 2009, seeking to enforce the guaranty.  This Court dismissed PIBC's counterclaim, concluding that it was time-barred under the three-year statute of limitations applicable to simple contracts in the District of Columbia, D.C. Code § 12-301(7), and granted Mr. Farouki summary judgment on his claim for declaratory relief.  *Farouki v. Petra Intern. Banking Corp.*, 811 F. Supp. 2d 388, 409–10 (D.D.C. 2011).

PIBC appealed, and the United States Court of Appeals for the District of Columbia Circuit affirmed in part and reversed in part.  *See Farouki v. Petra Intern. Banking Corp.*, 705 F.3d 515, 516 (D.C. Cir. 2013).  The Circuit agreed that "Petra's claim is time-barred," *id*. at 516, but reversed the Court's *sua sponte* entry of summary judgment in favor of Mr. Farouki and remanded for further proceedings.

On remand, this Court granted Petra's motion for leave to file an amended counterclaim "pleading the facts that its claim is not time-barred or, at a minimum, establishing the existence of genuine issues of disputed material facts as to the timeliness of PIBC's claim."  Statement of P. & A.'s ISO Petra's Mot. for Leave to File Second Am. Countercl. 3, ECF No. 79.  PIBC filed its Second Amended Counterclaim, asserting that the guaranty was either a sealed instrument or a negotiable instrument and therefore subject to a more lengthy statute of limitations.  Mr. Farouki moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court—finding that the guaranty with neither sealed nor negotiable—granted Mr. Farouki's motion and dismissed PIBC's counterclaim.  *Farouki v. Petra Int'l Banking Corp.*, 968 F. Supp. 2d 216, 221 (D.D.C. 2013).  With the counterclaim dismissed, all that remains of the case is

Count I of the Amended Complaint—Mr. Farouki's original claim for declaratory relief releasing him from liability under the guaranty. As to this count, the Court notified the parties of its intention to grant summary judgment in favor of the plaintiff pursuant to Federal Rule of Civil Procedure 56(f). *Id.*

As permitted by the Rule, PIBC filed a motion requesting that this Court reconsider the dismissal of the counterclaim and objecting to entry of summary judgment on Mr. Farouki's claim for declaratory relief. For the reasons stated herein, the Court denies PIBC's motion.

## II. ANALYSIS

The resolution of this case hinges upon which statute of limitations applies: the three-year limitations period allotted to simple contracts, the twelve-year period for sealed instruments, or the more complex and lengthy period reserved for negotiable instruments.

The Court has twice rejected PIBC's assertion that the guaranty was a contract under seal and declines to revisit that holding. In its most recent opinion, the Court also rejected PIBC's argument that the "Note *as amended by the 11th Allonge* is a negotiable instrument." Statement of P. & A. ISO Opp'n to Mot. to Dismiss Opp'n 13, ECF No. 87 (emphasis added). The Court based its opinion on a finding that the "guaranty extended only to changes to the *terms* or *time* for payment of the note and expressly excluded amendments to the principal amount, such as the eleventh allonge." *Farouki*, 968 F. Supp. 2d at 220. As such, the Court held that "[a]ny personal liability assigned to Mr. Farouki must therefore arise from the guaranty and the underlying note." *Farouki*, 968 F. Supp. 2d at 220. And because the note did not meet the statutory requirements for negotiable instruments, the Court held that the three-year statute of limitations for simple contracts applied.

In its present motion for reconsideration, PIBC argues that the Court erred in separating the guaranty and note from the allonges because (1) the principal amount is a "term," and thus, Mr. Farouki's guaranty included the allonges' increases in the amount owed; and (2) notwithstanding the contractual language, the parties understood that Mr. Farouki's guaranty extended to all of the allonges. PIBC argues that the contract is ambiguous and complicated by factual disputes regarding the intent of the parties, making the case inappropriate for resolution through summary judgment. But the Court need not resolve factual disputes regarding the parties' understanding of the guaranty's terms, because there is an unambiguous provision of the contract that establishes—as a matter of law—that the guaranty, even as modified by the eleventh allonge, is not a negotiable instrument.

A negotiable instrument is an "unconditional promise or order to pay a fixed amount of money" that (1) is payable to order; (2) is payable on demand; and (3) does not state any other undertaking or instruction. D.C. Code § 28:3-104. A fixed amount of money, or sum certain, is "is an absolute requisite to negotiability." 6 William D. Hawkland & Lary Lawrence, UCC Series § 3-104:7. The Court has already held that the note fails to satisfy this "absolute requisite" because there is no promise to pay a sum certain, only "so much . . . as shall be advanced" of the $ 3.7 million principal amount. *Farouki*, 968 F. Supp. 2d at 220. Consideration of the eleventh allonge does not cure this failure.

The eleventh allonge resets the principal amount of the promissory note to $10, 896, 400, but states that "all other terms and conditions of the Promissory Note shall . . . remain in full force and effect." The promissory note, in turn, based the amount owed on the floating prime rate, which at the time the note and allonge were executed, destroyed negotiability because a variable interest rate precluded a sum certain. *In re Beitzell & Co., Inc.*, 163 B.R. 637, 646

(Bankr. D.D.C. 1993) ("[A] note with a variable interest rate tied to the prime rate is not a negotiable instrument because it does not contain 'an unconditional promise to pay a sum certain' required by D.C.Code § 28:3–104."); *see also In re Georgetown Bldg. Associates, Ltd. P'ship*, 240 B.R. 124, 140 (Bankr. D.D.C. 1999); *In re 1301 Connecticut Ave. Associates*, 126 B.R. 823, 831 (Bankr. D.D.C. 1991). In 1995, however, the D.C. Council amended the District's commercial code to allow incorporation of variable interest rates without destroying negotiability. D.C. Code § 28:3-112. No court has yet addressed the question whether this amendment is retroactive. This Court will therefore apply the three-step analysis prescribed by the D.C. Court of Appeals for determining whether a legislative act should be applied retroactively.

First, the Court must determine whether the Council has "expressly prescribed the statute's proper reach." *Holzsager v. D.C. Alcoholic Beverage Control Bd.*, 979 A.2d 52, 56 (D.C. 2009). Here, the Council has not done so as the statute is silent on retroactivity.

Second, the Court must ask whether applying the statute to pre-enactment actions would in fact have a retroactive effect, meaning "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 57. In this case, the answer to that question is unquestionably yes. At the time that the promissory note and allonges were executed, the vast majority of courts interpreting the Uniform Commercial Code had held that reference to a variable interest rate destroyed negotiability. *See Chem. Bank v. D3J Associates Ltd. P'ship*, CIV. A. HAR-90-75, 1991 WL 58049 (D. Md. Apr. 15, 1991) (collecting cases). Thus, at the time that the note and allonge were signed, neither party would have expected that the agreements were negotiable instruments. Application of a legislative amendment that occurred

5

five years after these contracts would fundamentally alter the nature of the agreement—transferring a simple contract with a three-year statute of limitations into a negotiable instrument with a much more generous limitations period.

Finally, if a court finds that a statute truly would have retroactive effect, "the traditional presumption teaches that it does not govern absent clear legislative intent favoring such a result." *Holzsager*, 979 A.2d at 57. Regarding this final step, the Court of Appeals instructed that "in cases between private individuals, involving legislation that purely affects the individual rights of two private parties vis a vis one another, a court ought to struggle greatly to avoid a construction of the law which would affect the rights of the parties." *Id.* (internal quotations and citations omitted). This instruction is particularly apt where, as here, a court is tasked with interpreting and applying the provisions of a private contract because "[f]undamental to contract interpretation is the task of protecting the legitimate expectations of the parties as reflected in the contract terms, the circumstances under which the contract is made, and the relevant statutes and regulations pertaining to such contracts." *Sobelsohn v. Am. Rental Mgmt. Co.*, 926 A.2d 713, 715 (D.C. 2007). Because altering the nature of the contract between Mr. Farouki and PIBC would unjustly affect the rights and expectations of the parties, the Court holds that the amendment does not apply retroactively.

The guaranty is neither a sealed instrument nor a negotiable instrument and is therefore subject to the three-year statute of limitations for simple contracts. Accepting as true PIBC's allegation that Mr. Farouki made a personal payment on the debt in October 1997, which arguably revived the debt and tolled the statute of limitations, the limitations period expired more than a decade prior to when PIBC filed its counterclaim. For this reason, and for the reasons stated by the Court in its prior opinion, *Farouki*, 968 F. Supp. 2d at 220–21, the Court denies

6

PIBC's motion for reconsideration and again holds that PIBC's Second Amended Counterclaim is time-barred as a matter of law.

Additionally, the Court will grant summary judgment in favor of Mr. Farouki against all named defendants on Count I of his Amended Complaint, entering a declaratory judgment releasing Mr. Farouki from all liability under the guaranty.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on August 11, 2014.